IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PULLMAN SUGAR, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 765 |
| REEDS, INC., | ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

During the initial February 20, 2013 status hearing in this action, this Court granted the unopposed motion of counsel for defendant Reeds, Inc. ("Reeds") for an extension of time to March 25 in which to file its response to the Complaint brought against it by Pullman Sugar, L.L.C. ("Pullman"). At that time Reeds' counsel represented that the anticipated responsive pleading would be a motion to dismiss the action for lack of personal jurisdiction. That being the case, this Court then continued the status hearing to 9 a.m. April 1, which would allow "this Court and counsel for Pullman to have reviewed the anticipated motion."

On March 22 Reeds filed a motion, coupled with supporting argument and an affidavit, that sought alternative relief:

    1. dismissal of the Complaint under Fed. R. Civ. P. ("Rule") 12(b)(3) on grounds of improper venue or

    2. transfer of this action to the United States District Court for the Central District of California

(Reeds' domicile).

At the previously-scheduled April 1 status hearing counsel for Reeds appeared, while Pullman's counsel did not. As this Court always does under such circumstances, it had its courtroom deputy attempt to telephone Pullman's counsel while Reeds' counsel was in court, but that effort proved unsuccessful when Pullman's counsel could not be reached and a voicemail message had to be left for him. This memorandum order memorializes the oral voicemail message that this Court then left for Pullman's counsel.

There is no question from both Pullman's Complaint and Reeds' motion that <u>none</u> of the provisions of the general venue statute (28 U.S.C. §1391[1]) is applicable to Reeds:

> 1. Reeds does not reside in this judicial district (Section 1391(b)(1), even under the expanded definition of residence that Section 1391(c)(2) establishes for corporations. In the latter respect Reeds is not subject to in personam jurisdiction in this district because none of its activities in the transaction between Pullman and Reeds support its being haled into Court here--all of those activities were solely California-based.
>
> 2. For the same reason, no part of Reeds' asserted

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

omission giving rise to Pullman's claim--let alone "a substantial part" of that omission--occurred in this judicial district (see Section 1391(b)(2)).  Nor is any substantial part of the property that is the subject of the action situated here (id.).

    3. As already stated, Reeds is not subject to this District Court's personal jurisdiction with respect to the action, as could otherwise bring Section 1391(b)(3) into play.

All of that being the case, it would be entirely appropriate to grant Reeds' first alternative motion--dismissal of Pullman's Complaint under Rule 12(b)(3).

    If that were done, however, Pullman would have to expend another $350 filing fee to sue Reeds in a judicial district in which Reeds is amenable to suit and in which the venue statue would be satisfied.  Although Pullman and its counsel may not be entitled to much (if any) solicitude in light of their unexplained failure to be present at the previously scheduled April 1 status hearing, this Court opts instead to transfer this action to the United States District Court for the Central District of California "in the interest of justice" (Section 1406(a)).  It so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 2, 2013